IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:11-cv-00776 |
| JUDSON MOTORS LTD. D/B/A UNIVERSAL TOYOTA, | § § § § | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | § § | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and retaliation, and to provide appropriate relief to Mitchell Creel, Luis G. SantaMaria, and a class of similarly situated individuals forty (40) years of age or older, including Manuel Portillo and Victor Quinones who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant, Judson Motors, Ltd. d/b/a Universal Toyota ("Universal Toyota") would not permit these individuals to sell certain types of automobiles because of their age, thus affecting their employment opportunities and income. The EEOC also alleges that Defendant Universal Toyota retaliated against Mitchell Creel by threatening and intimidating him, down grading his pay plan, and finally constructively discharging him from the dealership because he reported the age discrimination.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Universal Toyota has continuously been a Texas corporation doing business in the State of Texas and the City of San Antonio and has continuously had at least 20 employees.

5. At all relevant times, Defendant Universal Toyota has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**STATEMENT OF CLAIMS**

7. Since at least July 2006, Defendant Universal Toyota engaged in unlawful employment practices at its dealership located at 12102 IH-35 N, San Antonio, Texas, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a) by not permitting Mitchell Creel, Luis G. SantaMaria, and a class of similarly situated individuals forty (40) years of age or older, including Manuel Portillo and Victor Quinones to sell automobiles sold under the Scion brand because of their age. The result of this difference in treatment has been to deprive persons in the protected age group from equal opportunity with regard to wages and benefits.

8. Since at least February 2008, and continuing until December 2008, Defendant Universal Toyota engaged in unlawful employment practices at its dealership located at 12102 IH-35 N, San Antonio, Texas, in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d) when it retaliated against Mitchell Creel by subjecting him to threats and intimidation, down graded(ing) his pay plan, and constructively discharging him from the dealership because he filed a charge of age-based discrimination with the EEOC.

9. The effect of the practices complained of in paragraph seven (7) above has been to deprive Mitchell Creel, Luis G. SantaMaria and a class of similarly situated individuals, including Manuel Portillo and Victor Quinones, of equal employment opportunities and to otherwise adversely affect their status as employees because of their age.

10. The effect of the practices complained of in paragraph eight (8) above has been to deprive Mitchell Creel of equal employment opportunities and to otherwise adversely affect his status as an employee because of his age and because he engaged in protective activity.

11. The unlawful employment practices complained of in paragraphs seven (7) and

eight (8) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Universal Toyota, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against individuals forty (40) years of age and older by excluding these individuals from selling automobiles sold under the Scion brand, and from engaging in any other employment practices which discriminate on the basis of age;

B. Grant a permanent injunction enjoining Defendant Universal Toyota, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against individuals because they opposed a practice made unlawful by the ADEA, or because they have filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADEA;

C. Order Defendant Universal Toyota to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals forty (40) years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

D. Grant a judgment requiring Defendant Universal Toyota to pay Mitchell Creel, Luis G. SantaMaria, a class of similarly situated individuals, including Manuel Protillo and Victor Quinones, appropriate back wages and other sums they would have earned or been entitled to receive, including commissions and bonuses, in an amount to be determined at trial and an equal sum as liquidated damages, or prejudgment interest in lieu thereof;

E.	Order Defendant Universal Toyota to make whole all individuals who were adversely affected by the unlawful practices described in paragraph seven (7) above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to permitting sales persons who are forty (40) years of age or older to sell Scion brand automobiles;

F.	Order Defendant Universal Toyota to make whole Mitchell Creel, who was adverse affected by the unlawful practices described in paragraph eight (8) above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including, but not limited to, reinstatement into a sales position, or front pay in lieu thereof;

G.	Grant such further relief as the Court deems necessary and proper in the public interest; and

H.	Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P.DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Robert A. Canino w/permission
by David Rivela
_____
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Judith G. Taylor w/permission
by David Rivela
_____

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov



/s/ David Rivela
_____

DAVID C. RIVELA
Trial Attorney
Texas State Bar No. 00797324
E-mail: david.rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**